**Roderick Cecil JONES, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defendant in Error.**
**No. A–15356.**

Court of Criminal Appeals of Oklahoma.

March 11, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Roderick Cecil Jones, II, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Robbery with Firearms, After Former Conviction of a Felony. He was jointly tried with Charles James Rushing, and from the judgment and sentence fixing his punishment at 60 years imprisonment in accordance with the verdict of the jury, he appeals.

Briefly stated, Charles Edward Davis testified that on February 23, 1969, he was clerk for a Safeway Grocery located at 16th and North Drexel in Oklahoma City. About 7:10 p.m., defendant robbed him at gunpoint. As he was sacking up the money, police officers entered and arrested the defendant.

The defendant, after having been thoroughly advised of his rights by his attorney in open court, acknowledged that he wished to voluntarily testify as a witness for his co-defendant, and was questioned by co-defendant's counsel as a witness in chief. Defendant's testimony in substance was that he robbed the store in the manner related by Davis, but that the co-defendant Rushing had nothing to do with it and was unaware that defendant was planning a robbery.

The defendant, on appeal, argues two assignments of error, neither of which possess sufficient merit to warrant extended discussion in this opinion; suffice it to say from the foregoing recital of facts, that the defendant's contention that the evidence was insufficient to support the verdict of the jury is patently frivolous.

The second contention that the punishment imposed is excessive is likewise without merit, for the evidence overwhelmingly supports the verdict of the jury and the punishment imposed was well within the range provided by law; and the record is free of any error which would justify modification or reversal. His argument that since his co-defendant Rushing, received only a punishment of nine years imprisonment, his punishment should be reduced, ignores the fact that Rushing was not found guilty of Robbery After Former Conviction, and participated in the crime only as an aider and abettor, is clearly without merit.

For the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.